UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      No. 1:22-CR-29

vs.                                          Hon. Robert J. Jonker
                                                   Chief United States District Judge
BRENDON GAGNE,
JAMES FUNARO,
JEREMY WALENTY,
TAYLOR McLAREN, and
JOSHUA FORD,

        Defendants.
_____/

## BILL OF PARTICULARS FOR FORFEITURE OF PROPERTY

The United States of America, by and through its attorneys, Andrew Byerly Birge, United States Attorney for the Western District of Michigan, and Daniel T. McGraw and Stephanie M. Carowan, Assistant United States Attorneys, hereby files the following Bill of Particulars for Forfeiture of Property, and states as follows:

1. On March 1, 2022, a Grand Jury for the Western District of Michigan returned an Indictment charging Defendants with conspiracy to smuggle goods into the United States, in violation of 18 U.S.C. §§ 371, 545. The Grand Jury separately charged Defendants Gagne and Funaro with money laundering conspiracy, in violation of 18 U.S.C. §§ 1956(h), 1956(a)(1)(A)(i), and 1956(a)(1)(B)(i).

2. The Indictment contained two Forfeiture Allegations. The first Forfeiture Allegation provided notice to all Defendants that, upon conviction of Count One, conspiracy to smuggle goods into the United States, in violation of 18 U.S.C. §§ 371,

545, the United States would, pursuant to 18 U.S.C. § 982(a)(2)(B), seek forfeiture of any property constituting, or derived from, proceeds the person(s) obtained directly or indirectly as a result of the offense. The property to be forfeited includes, but is not limited to, the following:

    1. MONEY JUDGEMNT: A sum of money equal to at least $12 million which represents the proceeds traceable to the offense.

    2. PERSONAL PROPERTY

        a. A 2012 Maserati Granturismo with VIN ZAM45KLA5C0063730;

        b. A 2014 BMW 428 with VIN WBA3N5C50EF715865;

    3. SUBSTITUTE ASSETS: If any of the property described above, as result of any act or omission of the defendants:

        a. Cannot be located upon the exercise of due diligence;

        b. Has been transferred or sold to, or deposited with, a third party;

        c. Has been placed beyond the jurisdiction of the court;

        d. Has been substantially diminished in value; or

        e. Has been commingled with other property which cannot be divided without difficulty

The United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b).

    4.    The second Forfeiture Allegation provided notice to Defendants Funaro and Gagne that upon conviction of Count Two, money laundering conspiracy, in violation of 18 U.S.C. § 1956(h), the United States would, pursuant to 18 U.S.C. §

982(a)(1), seek forfeiture of any property, real or personal, involved in, or traceable to such offense. The property to be forfeited includes, but is not limited to, the following:

1. MONEY JUDGEMNT: A sum of money equal to at least $12 million which represents the amount involved in the offense charged in Count Two.

2. SUBSTITUTE ASSETS: If any of the property described above, as result of any act or omission of the defendants:

a. Cannot be located upon the exercise of due diligence;

b. Has been transferred or sold to, or deposited with, a third party;

c. Has been placed beyond the jurisdiction of the court;

d. Has been substantially diminished in value; or

e. Has been commingled with other property which cannot be divided without difficulty

The United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b).

5. Pursuant to Federal Rule of Criminal Procedure 32.2(a), the United States hereby gives notice to the Defendants that, upon conviction of Count One, conspiracy to smuggle goods into the United States, in violation of 18 U.S.C. §§ 371, 545, as set forth in the Indictment, the United States will seek to divest through forfeiture proceedings any interest the Defendants may now or forever claim to the following property: a white, 2014 Audi RS5 VIN WUAC6AFR9EA900360, which is property constituting, or derived from, proceeds the person obtained directly or indirectly as the result of the offense charged in Count One.

6.      By giving notice of its intent to forfeit the property specified above, the Government in no respect limits its ability to seek the forfeiture of later-identified assets pursuant to the Forfeiture Allegations above.

Respectfully submitted,

ANDREW BYERLY BIRGE
United States Attorney

Dated: March 15, 2022

/s/ Daniel T. McGraw
DANIEL T. McGRAW
STEPHANIE M. CAROWAN
Assistant United States Attorneys
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404